# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **LAQUISHIA POWELL,** | * | |
| | * | |
| Plaintiff, | * | Case No.: 2:22-cv-00527 |
| | * | |
| v. | * | |
| | * | |
| **SWIFT TRANSPORTATION** | * | |
| **CO., OF ARIZONA, LLC, et al.,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## NOTICE OF REMOVAL

COMES NOW Defendant Swift Transportation Company of Arizona, LLC (hereinafter "Defendant" or "Swift"), by and through their undersigned counsel, and files this Notice of Removal of this action from the Circuit Court of Butler County, Alabama, to the United States District Court for the Middle District of Alabama, and in support hereof, respectfully shows unto this Court as follows:

## PROCEDURAL HISTORY

Plaintiff LaQuisha Powell filed this action on August 8, 2022, in the Circuit Court of Butler County, Alabama (Case Number CV-2022-900056) against Swift. The Plaintiff seeks compensation for damages resulting from a single vehicle motor vehicle accident during which the Plaintiff allegedly suffered injury. At the time of the accident, the Plaintiff was traveling eastbound on Highway 10 in Butler County.

According to the Plaintiff, an unknown truck was in the Plaintiff's lane of travel, forcing her off the roadway. The Plaintiff admittedly overcorrected and left the roadway, coming to final rest upside down on the opposite side of the highway. In her five-count Complaint, the Plaintiff alleges that an unknown driver negligently and/or wantonly operated the unknown Swift vehicle on the day of the accident, Swift negligently and/or wantonly entrusted a vehicle to the unknown driver, Swift negligently/wantonly hired, trained, supervised, and monitored the unknown driver and that fictitious parties were also negligent in causing the Plaintiff's injuries. A complete copy of the Circuit Court's entire file for this matter is attached hereto as <u>Exhibit A</u>.

This Notice is filed within thirty (30) days of service of the Complaint which is within the time allowed by 28 U.S.C. § 1446 (2007) for removal to the United States District Court. As fictitious party practice is not allowed in federal court, the sole Defendant who has been properly joined and served has consented to the removal. *See Maxwell v. E-Z-Go, A Division of Textron, Inc.*, 843 F.Supp. 2d 1209, 1213 (M.D. Ala. 2012).

## **<u>COMPLETE DIVERSITY</u>**

This case is removable to federal court pursuant to 28 U.S.C. § 1441 (2007), based on diversity jurisdiction as provided in 28 U.S.C. § 1332 (2007). The Plaintiff is, upon information and belief, a resident of the State of Alabama. (Compl. ¶1).

Swift is a corporation organized under the laws of Delaware, with its principal place of business in Arizona. (See Alabama Secretary of State Website, https://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=000620492&page=name&file=&type=ALL&status=ALL&place=ALL&city=). Pursuant to Rule 201(b)(2), FED. R. EVID., this Court may take judicial notice of a corporation's place of incorporation and its principal place of business when that information can be determined from public records. *Haxton v. State Farm Mut. Auto. Ins. Co. Bd. of Dir's.,* No. 3:13cv485/MCR/EMT, 2014 U.S. Dist. LEXIS 98649, at *22 n.10 (N.D. Fla. June 17, 2014) *(citing Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)). *See also Worthington Fed. Bank v. Everest Nat'l Ins. Co.,* 110 F. Supp. 3d 1211, 1217-18 (N.D. Ala. 2015) (taking judicial notice of information from the internet to determine citizenship of a corporate party). Therefore, Swift is a citizen of Delaware for purposes of diversity jurisdiction.

## AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs. In *Roe v. Michelin*, the 11th Circuit Court of Appeals explained a defendant's burden where a complaint is silent as to the amount of damages sought (as is the Complaint in this case):

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy ***more likely than not*** exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In some cases,

this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the case is removable. *See id.* at 754.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

In fact, courts are free to consider a wide variety of evidence when addressing whether the amount in controversy satisfies the jurisdictional threshold:

> Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward. This roughly parallels a plaintiff's right, under Fed.R.Civ.P. 10(c), to make 'a copy of a written instrument that is an exhibit to a pleading... a part of the pleading for all purposes.' No court of appeals decision... holds that a defendant may not submit its own evidence in order to satisfy the jurisdictional requirements of removal, and we conclude that the defendant can.

*Pretka* at 756. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir.1977)(quoting *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 64 S. Ct. 5, 6, 88 L. Ed. 15, 18 (1943)).

Here, the Plaintiff's Complaint alleged that as a result of a motor vehicle accident, the Plaintiff suffered "life-altering injuries." As a result, the Plaintiff's prayer for relief seeks "compensatory damages, lost wages, court costs, attorney's fees" and "punitive damages." However, the Complaint was silent as to the actual

dollar amount sought by the Plaintiff in this litigation. It is certainly more likely than not that the Plaintiff's claim for punitive damages, medical expenses, and her claim of pain, suffering and emotional distress will exceed $75,000.00. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1318-20 (N.D. Ala. 2015) (citing *Roe v. Michelin*) ("[A plaintiff…who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, …is realistically hoping to recover more than $75,000."). *Accord Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013); S*eckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-cv-4163-KOB, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).  Based upon the nature of the Plaintiff's alleged injuries, the damages claimed in the Plaintiff's Complaint, and Alabama law governing punitive damages, damages for mental anguish and physical pain and suffering, the amount in controversy in this matter exceeds the $75,000.00 threshold required for jurisdiction in this Court.

## **TIMELINESS**

This Notice of Removal is timely filed.  A defendant has 30 days from the date of formal service of the summons and complaint in which to file the notice of removal.  28 U.S.C. § 1446(b)(1); *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 663 (11th Cir. 2013) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347-48 (U.S. 1999)). In this instance, the 30-day deadline falls on Thursday, September 15, 2022.

## CONCLUSION

Swift has conclusively established that this Court has jurisdiction over this matter by virtue of establishing complete diversity, the requisite amount in controversy and timeliness pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Butler County, this matter has been properly removed.

/s/ Pamela S. Hallford

PAMELA S. HALLFORD
ASB-0481-M45S
Attorney for Defendant,
Swift Transportation Company of Arizona, LLC

**OF COUNSEL:**
**CARR ALLISON**
200 Grove Park Lane
Suite 210
Dothan, Alabama 36305
Telephone:  (334) 712-6459
Facsimile:   (334) 712-0902
Email:         pshallford@carrallison.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September 2022, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_Facsimile transmission;
    \_\_\_\_\_Email transmission;
    \_\_\_\_\_Hand Delivery;
    \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
    XXX Using the Alafile or CM/ECF system which will send notifications of such to the following:

Zachary P. Trader
SLOCUMB LAW FIRM, LLC
2 North 20th Street
Suite 1320
Birmingham, AL 35203
Telephone: 334.741.4110
Facsimile: 888.853.2247
Email: ztrader@slocumblaw.com

    /s/ Pamela S. Hallford

    Of Counsel