EXHIBIT "A"

ELECTRONICALLY FILED
8/8/2022 4:25 PM
10-CV-2022-900056.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>10<br><br>Date of Filing:   Judge Code:<br>08/08/2022 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### LAQUISHIA POWELL v. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government ☐ Other                          ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
         Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
         Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM        O ☐ OTHER
                                        DISTRICT COURT

            R ☐ REMANDED             T ☐ TRANSFERRED FROM
                                        OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a
                                                      jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

___TRA045___        ___8/8/2022 4:25:28 PM___        ___/s/ ZACHARY PAUL TRADER___
                    Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

DOCUMENT 2

Case 2:22-cv-00527-JTA   Document 1-1   Filed 09/08/22   Page 2 of 45

ELECTRONICALLY FILED
8/8/2022 4:25 PM
10-CV-2022-900056.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

# EXHIBIT "A"

## IN THE CIRCUIT COURT FOR BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| **LAQUISHIA POWELL,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| *v.* | * | **Case No.:  CV - 2022 - _____** |
| | * | |
| **SWIFT TRANSPORTATION CO. OF** | * | **JURY TRIAL DEMANDED** |
| **ARIZONA, LLC, FICTICIOUS** | * | |
| **DEFENDANT DRIVER "A," and** | * | |
| **Fictitious Defendants "B," "C," and** | * | |
| **"D" whether singular or plural, those** | * | |
| **other persons, corporations, firms or** | * | |
| **other entities whose wrongful conduct** | * | |
| **caused or contributed to cause the** | * | |
| **injuries and damages to Plaintiff, all of** | * | |
| **whose true and correct names are** | * | |
| **unknown to Plaintiff at this time, but** | * | |
| **will be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

This is an action by Plaintiff, Laquishia Powell (herein after referred to as "Plaintiff Powell"), against Defendant, Swift Transportation Co. of Arizona, LLC (herein after referred to as "Defendant Swift"), and an unknown driver of Defendant Swift (herein after referred to as "Fictitious Defendant Driver "A'") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about August 2, 2022.

### PARTIES, JURISDICTION, VENUE

1)      Plaintiff Powell was a resident and citizen of Wilcox County, Alabama at all times material to the issues in this case.

2)      Upon information and belief, Defendant Swift is a foreign Corporation, doing business in Butler County, Alabama, at all times material to the issues in this case.  Defendant Swift may be

# EXHIBIT "A"

served through its registered agent, National Registered Agents INC, at 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

3)      Fictitious Defendant Driver "A" is that person whose names will be substituted upon learning their true identities.

4)      Fictitious Defendant "B," "C," and "D" are those persons or entities whose names will be substituted upon learning their true identities.

5)      The motor vehicle accident that gives rise to this complaint occurred in Butler County, Alabama.

6)      Venue is proper in Butler County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

7)      On or about August 2, 2022, at approximately Defendant Swift's agent and/or employee Fictitious Defendant Driver "A"  was operating a tractor trailer owned by Defendant Swift and traveling westbound on HWY 10, in Butler County, Alabama.

8)      At said time and place, Plaintiff Powell was also traveling on HWY 10, in Butler County, Alabama in a 2012 Ford Fusion.

9)      At said time and place, Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," caused and/or allowed the tractor trailer they were operating to travel into the lane of travel of the Plaintiff.

10)     At said time and place, as a result of Defendant Swift's agent and/or employee Fictitious Defendant Driver "A," travelling into the lane of travel of the Plaintiff, the Plaintiff's vehicle was forced off the road and was caused to flip.

11)     Plaintiff Powell suffered a dislocated shoulder, a fractured scapula, four broken toes, a severed pinky toe, bruising to their body generally, neck pain, back pain, head pain, severe mental anguish, and other permanent, life-altering injuries.

12)     At the time of the motor vehicle collision that is the subject of this case, Fictitious Defendant Driver "A" was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendant Swift.

## COUNT ONE - NEGLIGENCE

13)     The Plaintiff in this Count is Plaintiff Powell. The Defendants in this Count are Defendant Swift and Fictitious Defendant Driver "A," individually.

14)     Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 13 hereinabove as fully and completely as if the same were set forth verbatim herein.

15)     At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Swift, Fictitious Defendant Driver "A" operated said vehicle in such a negligent manner as to (a) cause the Plaintiff's vehicle to travel off the roadway, and (b) to cause the Plaintiff's vehicle to be damaged beyond reasonable repair, and (c) to cause the plaintiff to suffer a dislocated shoulder, four broken toes, a severed pinky toe, bruising to their body generally, neck pain, back pain, head pain, severe mental anguish, and other permanent, life-altering injuries.

16)     In causing the Plaintiff's vehicle to crash, Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A" :

         (a) Negligently failed to exercise ordinary care.

         (b) Negligently failed to keep a proper look out.

3

EXHIBIT "A"

(c)  Negligently failed to maintain proper control of said vehicle.

(d)  Negligently failed to yield the motor vehicle in which Plaintiff was operating.

(e)  Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

17)     As the proximate consequence of said negligence of Defendant Swift through it's agent and/or employee, Fictitious Defendant Driver "A," in causing the Plaintiff's vehicle to crash, Plaintiff Powell was injured, suffered pain and was caused to suffer permanent life-altering injuries.

18)     The Plaintiff avers that the acts and conduct of Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," on said occasion, constitutes common law negligence.  The Plaintiff further avers that the acts and conduct of the said Fictitious Defendant Driver "A," on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

19)     The Plaintiff avers that said negligent acts and conduct of the said Fictitious Defendant Driver "A" on said occasion are imputed to Defendant Swift, and Defendant Swift and Fictitious Defendant Driver "A," are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Fictitious Defendant Driver "A" .

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

EXHIBIT "A"

20)    The Plaintiff in this Count is Plaintiff Powell. The Defendants in this Count are Defendant Swift and Fictitious Defendant Driver "A," individually.

21)    Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 20 hereinabove as fully and completely as if the same were set forth verbatim herein.

22)    On or about August 2, 2022, Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A" was given permission to operate a tractor-trailer.

23)    On or about August 2, 2022, Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," was a professional truck driver.

24)    On or about August 2, 2022, Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," had more training and more experience than the average motorist.

25)    Defendant Swift was aware that Fictitious Defendant Driver "A" possessed a commercial drivers' license.

26)    The subject tractor-trailer was equipped with a dashcam system.

27)    The dashcam system.was a safety feature installed on their tractor trailer with the purpose of empowering drivers to address distractions and avoid collisions.

28)    Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," understood that, notwithstanding any other circumstances, as a professional truck driver, that he should not remove his eyes from the roadway upon which he was operating said tractor trailer for the over eight (8) seconds that he so did on August 2, 2022, he should not fail to exercise ordinary care, that he so did on August 2, 2022, he should not fail to keep a proper look out, that he so did on August 2, 2022, he should not fail to maintain proper control of his tractor trailer, that he so did

EXHIBIT "A"

on August 2, 2022, he should not fail to yield to the motor vehicle in which the plaintiff was occupying, that he so did on August 2, 2022.

29)     As a professional truck driver, Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," understood that the combination of his failure to exercise ordinary care, failure to keep a proper look out, failure to maintain proper control of his tractor trailer, failure to yield to the motor vehicle of the plaintiff, combined with removing his eyes from the subject roadway for over eight (8) seconds, could cause a serious collision.

30)     Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," acting on behalf of Defendant Swift, acted with a conscious disregard and/or reckless indifference of the rights of Powell, exhibited a total indifference and an utter disregard of prudence, and was aware, from his knowledge of existing circumstances and conditions that his conduct would probably cause injury when he:

a)     Knowing the consequences of a serious collision operated his tractor-trailer with insufficient rest;

b)     Knowing the consequences of a serious collision removed his eyes from the traveled roadway for a minimum of eight (8) seconds;

c)     Knowing the consequences of a serious collision when operating his tractor trailer without exercising ordinary care, without keeping a proper look out, without maintaining proper control of his tractor trailer, and without yielding to the motor vehicle in which the Plaintiff was occupying, each of which proximately caused injuries, pain and suffering and the permanent and life-altering injuries to Plaintiff Powell.

31)     As the proximate consequence of said recklessness and wantonness of Defendant Swift's agent and/or employee, Fictitious Defendant Driver "A," in (a) operating his tractor-trailer with

EXHIBIT "A"

insufficient rest; (b) operating his tractor-trailer without exercising ordinary care (c) operating his tractor trailer without keeping a proper look out, (d) operating his tractor-trailer without maintaining proper control of his tractor trailer (e)  operating his tractor-trailer without yielding to the motor vehicle in which the plaintiff was occupying, and (f) in causing the Plaintiff's vehicle to crash, Plaintiff was caused to sustain personal injury, pain and suffering.

32)     The Plaintiff avers that said reckless and wanton acts and conduct of Fictitious Defendant Driver "A," on said occasion are imputed to Defendant Swift, and Defendant Swift is vicariously liable to for the injuries, damages, pain and suffering and the permanent life-altering injuries to Powell.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE- NEGLIGENT AND WANTON ENTRUSTMENT

33)     The Plaintiff in this Count is Plaintiff Powell. The Defendant in this Count is Defendant Swift.

34)     Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 33  hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein

35)     The Plaintiff avers that on the occasion made the basis of this case, Defendant Swift negligently, recklessly and wantonly entrusted said vehicle to the said Fictitious Defendant Driver "A" ; that the said Fictitious Defendant Driver "A" ; was unsuitable, based upon his

# EXHIBIT "A"

habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant Swift knew, or by the exercise of reasonable care should have known, that the said Fictitious Defendant Driver "A" ; was unsuitable to have said vehicle entrusted to them.

36)   The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to the said Fictitious Defendant Driver "A" ; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Fictitious Defendant Driver "A" ; and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR- NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, and SUPERVISION

37)   The Plaintiff in this Count is Plaintiff Powell. The Defendant in this Count is Defendant Swift.

38)   Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 37 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

39)   The Plaintiff avers that Defendant Swift, hired, trained, retained and supervised Fictitious Defendant Driver "A," as a driver for a commercial vehicle.

40) The Plaintiff avers that the Defendant Swift:

(a)      Acted  in a negligent, reckless and wanton manner in  hiring Fictitious Defendant Driver "A," as a commercial vehicle driver,

8

## EXHIBIT "A"

(b)     Acted in a negligent, reckless and wanton manner in retaining Fictitious Defendant Driver "A," as a commercial vehicle driver,

(c)     Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Fictitious Defendant Driver "A," as a commercial vehicle driver, and

(d)     Acted in a negligent, reckless and wanton manner in failing to instill in Fictitious Defendant Driver "A"  qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant Swift entrusted to Fictitious Defendant Driver "A," as a commercial vehicle driver on the public highways of Alabama and other states.

41)     The Plaintiff further avers that the serious injuries of the plaintiff are the proximate results of said negligence and wantonness of Defendant Swift in the hiring, training, retention, monitoring, and supervision of the said Fictitious Defendant Driver "A"  as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### COUNT FIVE- FICTITIOUS DEFENDANTS

42)     The Plaintiff in this Count is Plaintiff Powell.

43)     Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 42 hereinabove and all of the factual averments of Count One, Count Two, Count Three, and Count Four hereinabove as fully and completely as if

EXHIBIT "A"

the same were set forth verbatim herein.

44)   Fictitious Defendants "A," "B," "C," and "D," whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A," "B," "C," and "D," both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This August 8, 2022.

Respectfully submitted,

*/s/ Zachary P. Trader*
ZACHARY P. TRADER (TRA045)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
2 North 20th St.
Suite 1320
Birmingham, AL 35203
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

**(the rest of this page left blank intentionally)**

# EXHIBIT "A"

### <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

Swift Transportation Co. of Arizona, LLC
Registered Agent: National Registered Agents Inc
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Fictitious Defendant Driver "A"
Unknown at this time

/s/ *Zachary P. Trader*
ZACHARY P. TRADER
OF COUNSEL

**(the rest of this page left blank intentionally)**



ELECTRONICALLY FILED
8/8/2022 4:25 PM
10-CV-2022-900056.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

EXHIBIT "A"

## IN THE CIRCUIT COURT FOR BUTLER COUNTY, ALABAMA

| | |
|---|---|
| **LAQUISHIA POWELL,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| *v.* | *   **Case No.:  CV - 2022 - _____** |
| | * |
| **SWIFT TRANSPORTATION CO. OF** | *   **JURY TRIAL DEMANDED** |
| **ARIZONA, LLC, FICTICIOUS** | * |
| **DEFENDANT DRIVER "A," and** | * |
| **Fictitious Defendants "B," "C," and** | * |
| **"D" whether singular or plural, those** | * |
| **other persons, corporations, firms or** | * |
| **other entities whose wrongful conduct** | * |
| **caused or contributed to cause the** | * |
| **injuries and damages to Plaintiff, all of** | * |
| **whose true and correct names are** | * |
| **unknown to Plaintiff at this time, but** | * |
| **will be added by amendment when** | * |
| **ascertained,** | * |
| | * |
| **Defendants.** | * |

---

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the

Defendant, Swift Transportation Co. of Arizona, LLC, (herein after referred to as **"Defendant**

**Swift"**), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service

hereof:

### Definitions and Instructions

a.      These interrogatories are continuing in character so as to require you to file

supplementary answers if you obtain further or different information before trial.

b.      Where the name of a person is requested, indicate the full name, home and

EXHIBIT "A"

business address and home and business telephone number of such person.

c.      Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## **INTERROGATORIES**

1. Identify each person(s) answering these interrogatories, and include the name, residence, and official capacity with this defendant.

2. Please state the correct corporate legal name of this defendant.

3. Please state the full name, address, date of birth, employer and social security number of the individual(s) operating a Swift Transportation vehicle, which includes a vehicle owned by Swift Transportation, a vehicle owned by a subsidiary of Swift Transportation, and a vehicle owned by an independent contractor and operating under the Swift Transportation organization or umbrella, travelling westbound on Highway 10 in Butler County, Alabama between 5:15 PM CST and 7:15 PM CST on August 2, 2022.

4. Please state whether the person(s) identified in your response to the Interrogatory above was employed by Swift Transportation Co. of Arizona, LLC on the date of the incident described

# EXHIBIT "A"

in the Plaintiff's Complaint.  If so, describe their position and when they began working for Swift Transportation Co. of Arizona, LLC.

5.  List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

6.  Who at Swift Transportation Co. of Arizona, LLC, verifies whether the individual(s) identified in Interrogatory #3 was in compliance with federal safety regulations?

7.  Describe all training that Swift Transportation Co. of Arizona, LLC, provides or requires for its drivers/operators.

8.  Give the name of the person, corporation, firm or other entity that sold or leased the vehicle at issue to Swift Transportation Co. of Arizona, LLC including their address and the date of purchase.

9.  With respect to the vehicle operated by the individual(s) identified in Interrogatory #3, give its complete configuration (including at least the following information):

      (a)  Weight of the vehicle and trailer;

      (b)  Empty weight of vehicle and trailer;

      (c)  What the load was at the time of the incident described in the Plaintiff's Complaint;

      (d)  The weight of the load at the time of the subject incident described in the Plaintiff's Complaint;

      (e)  The maximum weight recommended to be carried in or on the  vehicle by the manufacturer;

# EXHIBIT "A"

(f)  The make and model of governor on the vehicle; and

(g)  The make and model of each of the following that may have been

on-board the vehicle in question at the time of the incident described in the

Plaintiff's Complaint, to-wit:

(1)  Radar detector;

(2)  Computer;

(3)  Electronic Control Module (ECM); and

(4)  Recording or data storage devices.

10. Describe the basis for the manner in which you compensate your drivers (i.e., by the hour, by the miles traveled, by the load, by commissions, by straight salary, or explain any other method used) and any variations as to the individual(s) identified in Interrogatory #3 pay for the load that was involved in the incident described in the Plaintiff's Complaint.

11. State your policy with respect to retention and destruction of driver's logs, time sheets, and trip receipts and explain any differences between that policy and the manner in which the individual(s) identified in Interrogatory #3's, logs, time sheets, and trip expenses for the trip in question were treated.

12. State your policy with respect for testing your drivers for substance abuse and explain any differences between that policy and the manner in which you treated the individual(s) identified in Interrogatory #3 in the case at issue.

13. Was a urine sample taken from the individual(s) identified in Interrogatory #3 within thirty-two (32) hours of the August 2, 2022 incident described in the Plaintiff's Complaint, and, if not, why not?

4

EXHIBIT "A"

14. If the answer to the preceding Interrogatory is affirmative, please state the results of said urine sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine sample.

15. Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

16. If you are aware of any statements, written or otherwise, which are in existence in connection with the August 2, 2022 incident described in the Plaintiff's Complaint, state the name and address of the person making the statement, the date the statement was made, and the name and address of the person presently having custody of each statement.

17. If you are aware of any photographs or videos which depict the vehicles involved in the August 2, 2022 incident described in the Plaintiff's Complaint, state when the photographs and/or videos were taken and the name and address of the person presently having custody of each.

18. State the number of drivers employed by Swift Transportation Co. of Arizona, LLC.

19. State the number of tractor-trailer rigs owned by Swift Transportation Co. of Arizona, LLC.

20. State all prior motor vehicle accidents involving Swift Transportation Co. of Arizona, LLC for the three (3) year period preceding August 2, 2022.

21. State the names, addresses and telephone numbers of any person who operated the vehicle at issue within six (6) months prior to August 2, 2022.

5

EXHIBIT "A"

22. State the name of the person(s) responsible for hiring the individual(s) identified in Interrogatory #3.

23. What maintenance had been performed on the tractor trailer of the subject vehicle for the 6 months prior to the August 2, 2022 incident described in the Plaintiff's Complaint. For each such maintenance, please list the following:

      (a)    What prompted the maintenance visit;

      (b)    Who performed the maintenance;

      (c)    Who diagnosed the necessity for maintenance;

      (d)    What diagnosis was rendered;

      (e)    When were the repairs performed;

      (f)    What, if any, parts were replaced; and,

      (g)    Did the problem reoccur? If so, when?

24. Was the individual(s) identified in Interrogatory #3 acting within the line and scope of his employment with Swift Transportation Co. of Arizona, LLC, at the time of the August 2, 2022 incident described in the Plaintiff's Complaint?

25. Has the individual(s) identified in Interrogatory #3 ever performed any work on behalf of Swift Transportation Co. of Arizona, LLC, in the State of Alabama or which required them to travel through the State of Alabama? For each such date, state the date of said work, the purpose of such work, and the location(s) within Alabama that the individual(s) identified in Interrogatory #3 so worked.

You are reminded under the provisions of Alabama Rules of Civil Procedure you are under

6

# EXHIBIT "A"

a duty to supplement your disclosures and responses under certain circumstances.

This August 8, 2022.

Respectfully submitted,

/s/ *Zachary P. Trader*
ZACHARY P. TRADER (TRA045)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
2 North 20th St.
Suite 1320
Birmingham, AL 35203
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

**(the rest of this page left blank intentionally)**

7

EXHIBIT "A"

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:


Swift Transportation Co. of Arizona, LLC
Registered Agent: National Registered Agents Inc
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Fictitious Defendant Driver "A"
Unknown at this time

/s/ *Zachary P. Trader*
ZACHARY P. TRADER
OF COUNSEL




**(the rest of this page left blank intentionally)**

ELECTRONICALLY FILED
8/8/2022 4:25 PM
10-CV-2022-900056.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

EXHIBIT "A"

## IN THE CIRCUIT COURT FOR BUTLER COUNTY, ALABAMA

| | | |
|---|---|---|
| LAQUISHIA POWELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: CV - 2022 - _____ |
| | * | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, FICTICIOUS DEFENDANT DRIVER "A," and Fictitious Defendants "B," "C," and "D" whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * | JURY TRIAL DEMANDED |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, Swift Transportation Co. of Arizona, LLC, (herein after referred to as **"Defendant Swift"**), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:.

### **Definitions and Instructions**

a.    These requests are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.    Where the name of a person is requested, indicate the full name, home and

1

# EXHIBIT "A"

business address and home and business telephone number of such person.

c.     Unless otherwise indicated, these requests refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

d.     Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.     The pronoun "you" refers to the party to whom these Requests are addressed, and the person or persons mentioned in clause (D).

## **REQUESTS FOR PRODUCTION**

These Requests for Production are intended to be continuing in nature.  Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the A.R.C.P. and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto.  This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings.  Without limiting the generality of the foregoing, the term

EXHIBIT "A"

"document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.   Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.   If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.   For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.   Because of the variables that may exist in electronic production, the

EXHIBIT "A"

undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with A.R.C.P 26(b)(6). Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under the A.R.C.P.

The term "you" or "your" shall be construed to mean Defendant Swift.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1.  Please produce the accident register maintained as required by federal regulations.

EXHIBIT "A"

2. If ISO certified, please produce all ISO Certification documents.

3. Please produce the entire drug and alcohol file of the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC, including but not limited to pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

4. Please produce the entire safety performance history file for the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

5. Please produce any and all state safety audits of the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC for the year of the August 2, 2022 incident described in the Plaintiff's Complaint and three years prior.

6. Please produce any and all federal accident reports filed by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC the year of the August 2, 2022 incident described in the Plaintiff's Complaint and three years prior.

7. Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles or person(s) involved in the August 2, 2022 incident described in the Plaintiff's Complaint.

8. Please produce any and all DOT inspection reports filed by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift

# EXHIBIT "A"

Transportation Co., for the year of the August 2, 2022 incident described in the Plaintiff's Complaint and three years prior.

9.  Produce any and all photographs taken by or on behalf of the Defendant which depict <u>the accident scene</u>.

10. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the August 2, 2022 incident described in the Plaintiff's Complaint.

11. Produce any photographs taken of the semi-tractor trailer operated by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC at the scene of the August 2, 2022 incident described in the Plaintiff's Complaint, or anytime after.

12. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

13. Produce all insurance policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover the August 2, 2022 incident described in the Plaintiff's Complaint.

# EXHIBIT "A"

14. Please produce a copy of the completion or non-completion of any safe driving programs by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

15. Please produce a copy of the driver manual or handbook issued to the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

16. Please produce a copy of the company safety rules issued to the driver identified in individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

17. As to the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

    (a.)    Qualification file;

    (b.)    Personnel file;

    (c.)    Any and all written tests;

    (d.)    Any and all disciplinary actions;

    (e.)    Any and all violations of company policy;

    (f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

    (g.)    Log books for three (3) months prior to the August 2, 2022 incident described in the Plaintiff's Complaint, including the entire month in which

# EXHIBIT "A"

the incident occurred;

(h.)    Time sheets for three (3) months prior to the August 2, 2022 incident

described in the Plaintiff's Complaint, including the entire month in which

the incident occurred;

(i.)    Results of all drug and alcohol tests;

(j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant

receipts for three (3) months prior to the August 2, 2022 incident

described in the Plaintiff's Complaint, including the entire month in which

the incident occurred;

(k.)    Payroll records for three (3) months prior to the August 2, 2022 incident

described in the Plaintiff's Complaint, including the entire month in which

the incident occurred;

(l.)    Trip receipts for three (3) months prior to the August 2, 2022 incident

described in the Plaintiff's Complaint, including the entire month in which

the incident occurred;

(m.)    Any and all log audit summaries and time sheet summaries for

three (3) months prior to the August 2, 2022 incident described in the

Plaintiff's Complaint, including the entire month in which the incident

occurred;

(n.)    Documentation given at driver safety meetings, including visual

aids;

(o.)    Documentation regarding phone calls to and from the individual(s)

EXHIBIT "A"

indentified in response to Interrogatory #3 of Plaintiff's First

Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC

regarding the August 2, 2022 incident described in the Plaintiff's

Complaint;

    (p.)    1-800 complaints.

18. As to Defendant Swift, produce any and all of the following documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in computers):

    (a.)    Accident register for the past five (5) years;

    (b.)    State DOT audits for the past ten (10) years;

    (c.)    Federal DOT audits for the past ten (10) years;

    (d.)    Company's policy manual in effect at the time of the August 2, 2022 incident described in the Plaintiff's Complaint;

    (e.)    Motor carrier safety profile;

    (f.)    Violations from DOT inspections for the past three (3) years prior to the August 2, 2022 incident described in the Plaintiff's Complaint.;

    (g.)    Violations from DOT inspections subsequent to the August 2, 2022 incident described in the Plaintiff's Complaint.;

    (h.)    Safety policies and procedures manual in effect at the time of the August 2, 2022 incident described in the Plaintiff's Complaint.

19. Produce any and all documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in

9

EXHIBIT "A"

computers) which have anything to do with the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC, regarding the August 2, 2022 incident described in the Plaintiff's Complaint, and the vehicle involved in said incident, including but not limited to, the following:

(a.)    Registration and Title;

(b.)    Bill of Sale;

(c.)    Repairs from any and all <u>previous</u> collisions involving the vehicle in question;

(d.)    Letters to the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC;

(e.)    Training and educational documentation;

(f.)    Documentation regarding phoned in reports concerning the August 2, 2022 incident described in the Plaintiff's Complaint;

(g.)    All documentation indicating the August 2, 2022 incident described in the Plaintiff's Complaint was non-preventable;

(h.)    All documentation indicating the August 2, 2022 incident described in the Plaintiff's Complaint was preventable;

(i.)    Accident policy and procedures manual in effect at the time of the August 2, 2022 incident described in the Plaintiff's Complaint;

(j)    Accident investigation policies and procedures in effect at the time of the August 2, 2022 incident described in the Plaintiff's Complaint.

EXHIBIT "A"

20. To the extent not already produced, please produce all records of the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC, for the 7 days prior to the August 2, 2022 incident described in the Plaintiff's Complaint and for the day of the incident.  Specifically, produce the following materials, as you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation of supporting documents.

    A.  Bills of lading;

    B.  Carrier pros;

    C.  Freight bills;

    D.  Dispatch records;

    E.  Driver call-in records;

    F.  Gate record receipts;

    G.  Weight/scale tickets;

    H.  Fuel billing statements.

    I.  Toll receipts;

    J.  International registration plan receipts;

    K.  International fuel tax agreement receipts;

    L.  Trip permits;

    M. Lessor settlement sheets;

    N.  Port of entry receipts;

    O.  Cash advance receipts;

    P.  Delivery receipts;

EXHIBIT "A"

Q. Lumper receipts;

R. Interchange and inspection reports;

S. Over/short and damage reports;

T. Agricultural inspection reports;

U. Commercial Vehicle Safety Alliance reports;

V. Accident reports;

W. Telephone billing statements;

X. Credit card receipts;

Y. Driver fax reports;

Z. On-board computer reports;

AA. Border crossing reports;

BB. Custom declarations;

CC. Traffic citations;

DD. Overweight/oversize reports and citations;

EE. And/or other documents directly related to the motor carrier's

operation which are retained by the motor carrier in connection with the operation

of its transportation business.

21. Produce the entire video file of the Dashcam on board the subject vehicle for the August 2,

2022 incident described in the Plaintiff's Complaint.

22. Produce all trip manifests provided to the individual(s) indentified in response to

Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of

Arizona, LLC, which required the individual(s) identified to travel to or through the State of

# EXHIBIT "A"

Alabama at anytime during the three (3) years preceding the August 2, 2022 incident described in the Plaintiff's Complaint.

23. Produce any all data, including user-generated reports, automatic reports, inspection logs, and trip logs stored on the Zonar Tablet used by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC for the seven (7) days prior to August 2, 2022 and including the day of August 2, 2022.

24. Produce any and all data, including audio recordings, video records, and Safety Score reports stored on the SmartDrive video-based safety tool equipped in the vehicles operated by the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC for the seven (7) days prior to August 2, 2022 and including the day of August 2, 2022.

You are reminded under the provisions of Alabama Rules of Civil Procedure you are under a duty to supplement your disclosures and responses under certain circumstances.

This August 8, 2022.

Respectfully submitted,

/s/ *Zachary P. Trader*
ZACHARY P. TRADER (TRA045)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**

13

EXHIBIT "A"

**SLOCUMB LAW FIRM, LLC**
2 North 20th St.
Suite 1320
Birmingham, AL 35203
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

**(the rest of this page left blank intentionally)**

14

EXHIBIT "A"

## **REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:


Swift Transportation Co. of Arizona, LLC
Registered Agent: National Registered Agents Inc
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Fictitious Defendant Driver "A"
Unknown at this time

/s/ *Zachary P. Trader*
ZACHARY P. TRADER
OF COUNSEL


**(the rest of this page left blank intentionally)**

15

EXHIBIT "A"

ELECTRONICALLY FILED
8/8/2022 4:25 PM
10-CV-2022-900056.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT FOR BUTLER COUNTY, ALABAMA

| | |
|---|---|
| LAQUISHIA POWELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, FICTICIOUS DEFENDANT DRIVER "A," and Fictitious Defendants "B," "C," and "D" whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * |
| | * |
| Defendants. | * |

Case No.: CV - 2022 - _____

JURY TRIAL DEMANDED

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

---

Comes now the Plaintiff, in the above-styled cause and pursuant to pursuant to the Alabama Rules of Civil Procedure, and requests that the Defendant, Swift Transportation Co. of Arizona, LLC, admit or deny the following:

1. Admit that you were properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit that jurisdiction and venue are proper in this case.

1

EXHIBIT "A"

4.  Admit that Laquisha Powell did nothing to cause or contribute to the cause of the collision at issue.

5.  Admit that the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co., was acting in the line and scope of his employment with Swift Transportation Co. of Arizona, LLC. at the time of the August 2, 2022 incident described in the Plaintiff's Complaint.

6.  Admit that Swift Transportation Co. of Arizona, LLC, by and through its agent and/or employee, the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC, was negligent in causing the collision of August 2, 2022.

7.  Admit that Swift Transportation Co. of Arizona, LLC, was responsible for hiring, training and supervising its employee, the individual(s) indentified in response to Interrogatory #3 of Plaintiff's First Interrogatories to Defendant Swift Transportation Co. of Arizona, LLC.

8.  Admit that substantive law of the State of Alabama controls the disposition of the issues in this case.

This August 8, 2022.

Respectfully submitted,

/s/ Zachary P. Trader
ZACHARY P. TRADER (TRA045)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
2 North 20th St.
Suite 1320

2

# EXHIBIT "A"

Birmingham, AL 35203
Tel. No.  (334) 741-4110
Fax No.  (888) 853-2247

**(the rest of this page left blank intentionally)**

3

EXHIBIT "A"

## **<u>REQUEST FOR SERVICE OF PROCESS</u>**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:


Swift Transportation Co. of Arizona, LLC.
Registered Agent: National Registered Agents Inc
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Fictitious Defendant Driver "A"
Unknown at this time

/s/ *Zachary P. Trader*
ZACHARY P. TRADER
OF COUNSEL




**(the rest of this page left blank intentionally)**

4

# EXHIBIT "A"

## AlaFile E-Notice



10-CV-2022-900056.00

To:  ZACHARY PAUL TRADER
      ztrader@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

LAQUISHIA POWELL V. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
10-CV-2022-900056.00

The following complaint was FILED on 8/8/2022 4:25:38 PM

Notice Date:     8/8/2022 4:25:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov



# EXHIBIT "A"

## AlaFile E-Notice

10-CV-2022-900056.00

To:  SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

LAQUISHIA POWELL V. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
10-CV-2022-900056.00

The following complaint was FILED on 8/8/2022 4:25:38 PM

Notice Date:      8/8/2022 4:25:38 PM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov

EXHIBIT "A"

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>10-CV-2022-900056.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA
### LAQUISHIA POWELL V. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

**NOTICE TO:** SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ZACHARY PAUL TRADER                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2 20th St. N, Ste 1320, Birmingham, AL 35203                      .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LAQUISHIA POWELL

pursuant to the Alabama Rules of the Civil Procedure.                                        *[Name(s)]*

| 08/08/2022 | /s/ MATTIE GOMILLION | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ ZACHARY PAUL TRADER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Swift Transportation Co. of Arizona
2 North Jackson St. Ste 605
Montgomery, AL 36104

CV-22 9-56

9590 9402 6440 0346 6745 70

2. Article Number (Transfer from service label)

7019 0700 0001 3436 8359

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.00

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ 3.25
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Postmark
Here

Total Postage and Fees
$ 10.13          CV-22 9-54

Sent To  Swift Transportation Co. of Arizona
Street and Apt. No., or PO Box No.  2 North Jackson St. Ste 605
City, State, ZIP+4®  Montgomery, AL 36104

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7019 0700 0001 3436 8359

CERTIFIED MAIL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Swift Transportation Co. of Arizona
2 North Jackson St. Ste 605
Montgomery, AL 36104



9590 9402 6440 0346 6745 70

2. Article Number (Transfer from service label)

7019 0700 0001 3436 8359

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Tiffany Ford_    ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Tiffany Ford                       8/16/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☒ No

CV-22 9-56

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT "A"

AlaFile E-Notice



10-CV-2022-900056.00

Judge: CLEVELAND POOLE

To:   TRADER ZACHARY PAUL
      ztrader@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

LAQUISHIA POWELL V. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
10-CV-2022-900056.00

The following RETURN ON SERVICE - SERVED was FILED on 8/22/2022 8:48:31 AM

Notice Date:     8/22/2022 8:48:31 AM

MATTIE GOMILLION
CIRCUIT COURT CLERK
BUTLER COUNTY, ALABAMA
POST OFFICE BOX 236
GREENVILLE, AL, 36037

334-382-3521
mattie.gomillion@alacourt.gov