IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
LAQUISHIA POWELL,              )
                               )
     Plaintiff,                )
                               )       CIVIL ACTION NO.
     v.                        )         2:22cv527-MHT
                               )              (WO)
SWIFT TRANSPORTATION           )
CO. OF ARIZONA, LLC,           )
                               )
     Defendant.                )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The

---

\* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The notice of removal fails to meet this standard in two ways. First, the notice gives the "residence" rather than the "citizenship" of plaintiff Laquishia Powell. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See, e.g.*, *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995 (1971).

Second, the removal notice is insufficient because it does not indicate the citizenship of a party that is a limited liability company: defendant Swift Transportation Co. of Arizona, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

The notice must therefore allege "the citizenships of all the members of the limited liability company." *Id*. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until October 31, 2022, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise, this lawsuit shall be remanded to state court.

DONE, this the 17th day of October, 2022.

                               /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE